Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>ELIEZER MARTIZ FIGUEROA<br><br>Peticionario | TA2026CE00581 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm. A1VP202500590 AL 594<br><br>Sobre: ART. 3.1 LEY 54 (3 CARGOS), ART. 3.5 LEY 54 (2 CARGOS) |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Ronda del Toro, el Juez Cruz Hiraldo y el Juez Sánchez Báez[1]

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de junio de 2026.

Comparece la parte peticionaria, el señor Eliezer Martiz Figueroa, solicita la revisión de la *Resolución* emitida el 6 de abril de 2026, notificada el 8 de abril de 2026 por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. En la resolución el foro de primera instancia declaró "No Ha Lugar" la solicitud de la parte aquí compareciente para recuperar su licencia de armas confiscada por motivo del caso de epígrafe.

Adelantamos que, tras examinar el recurso, y el expediente del caso decidimos no expedir el auto solicitado.

*-I-*

El Ministerio Fiscal presentó cinco denuncias contra la parte peticionaria por supuesta infracción a los Artículos 3.1 (tres cargos) y 3.5 (dos cargos) de la Ley Núm. 54-1989, *Ley para la prevención e intervención con la violencia doméstica*, 8 LPRA sec.

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa al Hon. Eric R. Ronda del Toro en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

631 y 635.2 El 16 de junio de 2025 el foro recurrido celebró la vista preliminar del caso, y determinó no causa para acusar al peticionario por los delitos imputados. El 1 de abril de 2026, el peticionario presentó una *Moción en Solicitud de Orden*, solicitó la devolución de su licencia de armas, confiscada por los agentes del orden público durante el proceso investigativo. El Tribunal de Primera Instancia denegó la petición e indicó al peticionario que debía acudir al foro administrativo correspondiente. Inconforme, la parte peticionaria comparece ante esta curia y señala el siguiente error:

> Erró el TPI al declarar No Ha Lugar la solicitud de devolución de licencia de armas, en contravención a lo dispuesto en el Art. 2.13 y Art.2.08 de la Ley de Armas de 2020.

El Procurador General también compareció mediante alegato escrito. Procedemos a disponer el presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente y el *Derecho* aplicable.

### -II-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. *Íd.*, pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. *Íd.* Esto, ya que no tenemos autoridad para actuar de una forma u

otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. *Íd.* Así, "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *Íd.*

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 215 DPR ___ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró, supra*, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

### -*III*-

Los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018). El expediente electrónico no sugiere la ocurrencia de algún error o abuso de discreción judicial que justifique eludir la norma ordinaria de abstención judicial reguladora de nuestras funciones apelativas en dictámenes como el de autos.

Igualmente, no advertimos criterio jurídico particular para dejar sin efecto la determinación recurrida. Regla 40 del Reglamento de este Tribunal, *supra.*

***-IV-***

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *denegamos* la expedición del auto de *certiorari* promovido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
